LOWERY et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   January 11, 1921.)

No. 2839.

Commerce ⊜⟶33—Stolen coal held not an interstate shipment.

Where coal intended for railroad use was transported by the railroad between two points in the same state on a slip bill, which gave those points as the place of shipment and destination, the shipment was not interstate, though thereafter a bill of lading was made out in which a destination in another state was given, but which was altered before the coal was moved thereunder, so that a conviction for stealing the coal while in interstate shipment cannot be sustained.

In Error to the District Court of the United States for the Eastern District of Illinois.

Fred Lowery and another were convicted of stealing coal from an interstate shipment, and with being in possession of the coal, knowing it to have been stolen from an interstate shipment, and they bring error.   Reversed.

Horace L. Dyer, of St. Louis, Mo., for plaintiffs in error.
A. B. Dennis, of Danville, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.   This is a writ of error prosecuted by the plaintiffs in error to reverse a judgment rendered on a verdict of a jury. in the United States District Court for the Eastern District of Illinois on two indictments consolidated for trial.   The single count of one indictment and the first count of the other charge plaintiffs in error with stealing a carload of coal out of C., B. & Q. car No. 84964 on July 1, 1917, which coal it was averred constituted an interstate shipment of freight, consigned and in transit from Herrin Junction, Ill., to Sioux City, Iowa.   The second count charged plaintiffs in error with being in possession of that same coal knowing it to have been stolen, and that it was an interstate shipment.

On June 1, 1917, the Chicago, Burlington & Quincy Railroad Company was taking for company purposes all of the coal from Mine B of Chicago & Carterville Coal Company, Herrin, Ill.   On the morning of June 1, 1917, C., B & Q. car No. 84964 was loaded with coal for the company, was put into a train on the Chicago, Burlington & Quincy Railroad, and at 1:30 was taken from Herrin, in the state of Illinois, to Christopher, Ill., a town about 12 or 14 miles from Herrin, where it arrived at about 2:30 or 2:15; the car being taken from the train and put upon the siding and left there.   The record shows that instructions as to how the coal should be billed were given to the office of the chief clerk at Herrin Junction at 4:15 in the afternoon.   Then some time later, between that and 6:30, the bills of lading were made out.   The employees had authority to give Christopher all the coal it wanted, and to change the destination on bills of lading.   The record

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shows that a bill of lading was made out, with Sioux City, Iowa, as the destination, but by whom or under what instructions does not appear. Some time or place, neither of which appears, Sioux City was marked out and Christopher inserted as the destination. Who did this does not appear. The bill of lading was sent by mail to Christopher a short time, perhaps a day or two, after it was made out.

The bill of lading was never delivered to the conductor. On the contrary, the only authority for carrying the car in question at all was what is called a slip bill, which was made up at Herrin Junction, with Christopher as the destination. The conductor also had the instruction of Yardmaster Howell to take two cars of coal and a car of machinery to Christopher. The customary and usual way of authorizing a conductor to carry cars, where the shipment was ready to go before the bill of lading could be prepared, was to do it by a slip bill. The record shows that, other than the fact that some one at Christopher appropriated the coal to his own use and that it was lost to the company, there is nothing unusual in the fact that it was carried to Christopher upon a slip bill or that there was delay in delivering the bill of lading beyond the time of the departure of the car or in the change in the destination of the way bill, if it was changed.

The sole question for determination here is: Did the car of coal constitute an interstate shipment? We are clearly of the opinion that it did not. Whatever may have been the intention of somebody, somewhere to send that coal to Sioux City, as originally expressed in the bill of lading, the fact remains that the transportation of the coal began at Herrin and ended at Christopher under competent and proper authority, being carried on a proper slip bill at least two hours before the bill of lading came into existence, and, so far as the Chicago, Burlington & Quincy Railroad was concerned, it never became or was the subject of transportation after the bill of lading came into existence. The fact that a destination outside of the state of Illinois was at one time written into the bill, even if wholly unexplained, does not overcome the facts with reference to actual carriage of the coal.

The judgment is reversed.